**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
U.S. Magistrate Judge Gordon P. Gallagher

Civil Case No.: 12-cv-02244-CMA-GPG

GARY HECHT,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,
ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, and
ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendants.

---

**ORDER REGARDING PLAINTIFF'S UNAPPOSED MOTION TO**
**MODIFY THE SCHEDULING ORDER**

---

A Scheduling Order was issued by the Court on October 24, 2012 (document 21). Among other dates, the Scheduling Order controls as to the following relevant dates: the current expert designation date of March 8, 2013 and the current expert rebuttal designation date of April 5, 2013. Plaintiff now moves to continue those two dates (document 29).

The Scheduling Order specifically states, at section 13, "The scheduling order may be altered or amended only upon a showing of good cause." Plaintiff's argument for an extension of the two dates set forth above is basically that this matter was set for an Early Neutral

Evaluation on February 28, 2013, Plaintiff believed there was some reasonable likelihood of settlement and thus Plaintiff did not comply with the Scheduling Order in an attempt to reduce litigation costs.

Plaintiff has outlined a number of potential expert categories, all of which were previously listed in the Scheduling Order. Plaintiff has made absolutely no showing as to what efforts were previously made to identify and retain experts within these categories. Plaintiff states that attempts are being made to depose the Defendant's insurance adjuster and that said adjuster is not available until March 14, 2013. No showing has been made as to what efforts were made to set this deposition in a timely fashion so as to not necessitate an extension of the two deadlines which are at issue.

The Court is cognizant of the commendable desire to reduce unnecessary litigations costs and appreciates the parties attempts to reach settlement. However, a perception by a party that the matter may settle does not eliminate the obligation to timely comply with the Scheduling Order and does not thus create good cause for modification of the Scheduling Order.

As stated in the motion, this matter is still relatively early in litigation and no trial date has yet been set. Further, there have no other attempts to date to modify the Scheduling Order. Finally, the Court believes that the parties would suffer significant harm to their cases if these dates were not extended.

Therefore, the Court GRANTS (reluctantly) the Motion to Modify as follows:

1. The new expert disclosure date is now:  March 25, 2013;

2. The new rebuttal expert disclosure dates is now April 25, 2013.

Dated March 4, 2013.

                                                BY THE COURT:

                                                s/ Gordon P. Gallagher
                                                _____
                                                Gordon P. Gallagher
                                                U.S. Magistrate Judge